**E-FILED**
Monday, 05 December, 2005  04:20:32 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-3393 |
| | ) | |
| TITAN TIRE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>OPINION</u>**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

   This matter comes before the Court on Plaintiff Commonwealth

Insurance Company's Motion to Strike Titan's Reply in Support of Titan's

Motion for Summary Judgment (d/e 56).  Commonwealth asks the Court to

strike Defendant Titan Tire Corporation's Reply in Support of Titan's

Motion for Summary Judgment (d/e 54) based on alleged violations of

Local Rule 7.1(D)(3).  For the reasons set forth below, Commonwealth's

Motion to Strike is allowed, in part, and denied, in part.

   Local Rule 7.1(D)(3) allows a summary judgment movant to file a

reply  brief.  The rule states:

>   The reply shall include the following subsections, appropriately
>   titled:
>   (a) <u>Reply to Additional Material Facts</u>

List by number the additional facts asserted in Section (b)(4) of the response.  For each fact, state succinctly whether:
(1) it is conceded to be material and undisputed,
(2) it is material but disputed, in which case provide citations to evidentiary documentation, attached as exhibits and referenced by specific page, or
(3) immaterial, in which case explain the reason.

(b) Argument

Succinctly and directly address any matters raised in the response with which the movant disagrees. THE REPLY SHALL BE LIMITED TO NEW MATTERS RAISED IN THE RESPONSE AND SHALL NOT RESTATE ARGUMENTS ALREADY RAISED IN THE MOTION.

Local Rule 7.1(D)(3).  Moreover, under Local Rule 7.1(D)(5), "[t]he argument section of a reply shall not exceed five double-spaced pages in length."

Commonwealth asserts that Titan's Reply Brief  violates Rule 7.1(D) in three ways: (1) the argument section exceeds five pages; (2) Titan improperly restates its own statement of fact; and (3) the argument is not limited to new matters raised in the response.  Turning first to the length of the argument section, the Court notes that Titan's argument section begins at the top of page 5 of the Reply Brief, continues on pages 6, 7, 8, and 9, and then concludes with two lines at the top of page 10.  While this section exceeds five double-spaced pages by two lines, the Court finds this to be a

3:01-cv-03393-BGC   # 59   Page 3 of 4

de minimus violation.  The Court will thus allow the argument section on pages 5 through 10 to stand.  See Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir. 1995) (stating "the decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion").

Commonwealth further asserts that subsection B of Titan's reply brief improperly restates Titan's own statement of facts and should be counted as argument.  Subsection B, which begins on page 2 and concludes at the bottom of page 4, is entitled, "The Majority of Titan's Facts Supporting Summary Judgment Are Undisputed By Commonwealth and the 'Disputes' Commonwealth Attempts to Raise Do Not Defeat the Motion."  By Titan's own admission, subsection B "presents a succinct explanation which specifically responds to Commonwealth's grounds for disputing Titan's material facts supporting summary judgment."  Response in Opposition to Commonwealth's Motion to Strike Titan's Reply Brief (d/e 58), p. 2. Local Rule 7.1(D)(3), however, does not provide for such a response.  The rule allows the movant to reply to additional facts asserted in the Additional Material Facts section of the response.  Titan includes such a reply in

Page 3 of  4

subsection A of its Reply Brief.  Subsection B is outside the scope of Local

Rule 7.1(D)(3), and the Court orders it stricken.

Finally, Commonwealth asserts that Titan fails to limit its argument to

new matters raised in the response as required under Local Rule 7.1(D)(3)(b).

The Court finds any violation of Rule 7.1(D)(3)(b) to be <u>de</u> <u>minimus</u>, and

Commonwealth's request to strike the Reply Brief on this basis is denied.

<u>See</u> <u>Little</u>, 71 F.3d at 641.

THEREFORE, Plaintiff Commonwealth Insurance Company's Motion

to Strike Titan's Reply in Support of Titan's Motion for Summary Judgment

(d/e 56) is ALLOWED, in part, and DENIED, in part.  The Court strikes

subsection B of Defendant Titan Tire Corporation's Reply in Support of

Titan's Motion for Summary Judgment (d/e 54), which begins on page 2 and

concludes at the bottom of page 4.  Commonwealth's Motion to Strike is

DENIED in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER:   December 5, 2005.

FOR THE COURT:

s/ Byron G. Cudmore

_____

BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE