IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COMMONWEALTH INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 01-3393 ) |
| TITAN TIRE CORPORATION, | ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant/Cross-claimant Titan Tire Corporation (Titan)'s Motion to Strike Expert Affidavit and Report of William T. Cormack (d/e 50) (First Motion to Strike) and Titan's Motion to Strike Expert Affidavit and Report of William T. Cormack (d/e 52) (Second Motion to Strike). In the First Motion to Strike, Titan objects to the use of the Expert Affidavit and Report of William T. Cormack (d/e 45) (Cormack Affidavit) as support for Commonwealth Insurance Company's Motion for Summary Judgment (d/e 33). In the Second Motion to Strike, Titan objects to Commonwealth's use of the Cormack Affidavit in opposition to Titan's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (a) & (b)

(d/e 38).[1] Titan asks the Court to strike the Cormack Affidavit for the following reasons: (1) the report violates Fed. R. Civ. P. 56(e); (2) the report attempts to present an opinion on the ultimate issue in the case; (3) the report refers to "custom and practice" within the insurance industry, and Titan is not an insurer; (4) the report relies on the Uniform Unfair Claim Settlement Act; and (5) the report goes beyond the factual basis presented by Commonwealth as grounds for summary judgment.  For the reasons set forth below, Titan's Motions to Strike are denied.

Pursuant to Fed. R. Civ. P. 56(e), evidence offered in support of or in opposition to a motion for summary judgment must be of a kind admissible at trial.  In order for expert testimony to be admissible at trial, it must comport with Fed. R. Evid. 702, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied

---

[1] Titan also attacks the Cormack Affidavit in section I.A.1. of its Memorandum of Law in Opposition to Commonwealth's Motion for Summary Judgment (d/e 48) (Titan's Opposition to Commonwealth's Motion for Summary Judgment).  Titan asks the Court to incorporate these arguments into its Motions to Strike.  Therefore, in analyzing the Motions, the Court will consider the arguments raised in the memorandum relating to the admissibility of the Cormack Affidavit.

the principles and methods reliably to the facts of the case. In evaluating expert testimony, the Court must apply the familiar analysis set out in Daubert v. Merrell Dow Pharmaceuticals, Inc. See Daubert, 509 U.S. 579 (1993). Under Daubert, the Court must first assess the reliability of the expert's testimony, considering whether the proposed witness would testify to valid scientific, technical, or other specialized knowledge. Id. Secondly, the Court must assess the relevance of the expert's testimony, considering whether the testimony will assist the trier of fact. Id. The Court thus addresses the arguments raised by Titan, noting at the outset that Titan does not challenge Cormack's qualifications as an expert.

Titan first argues that Cormack's report violates Fed. R. Civ. P. 56(e) because it is "replete with hearsay, conclusory statements, legal conclusions, argument, and purported factual statements which have no citations to record." First Motion to Strike, p. 1. Titan raises one specific challenge, arguing that the facts cited by Cormack in the Fact section of his report as unsupported by citation to authority and merely reported to Cormack by Commonwealth. However, neither the lack of citation to authority nor the fact that Commonwealth reported facts to Cormack provide a basis for striking the Cormack Affidavit. See Fed. R. Evid. 703.

The sufficiency of the facts and Cormack's lack of first hand knowledge could serve as basis for Titan to challenge the weight of Cormack's opinion, but are not reasons to strike the affidavit and report.  See Sikora v. AFD Industries, Inc., 319 F.Supp.2d 872, 879 (N.D. Ill. 2004).

      Aside from the specific challenge already discussed, Titan's Motions raise several general challenges under Fed. R. Civ. P. 56(e) in support of its request to strike Cormack's Affidavit.  Without identifying exact sections of the report, Titan contends that the submission is replete with hearsay, conclusory statements, legal conclusions, and argument.  In deciding the Motions to Strike, this Court will not conduct a paragraph by paragraph analysis of the report and affidavit, a time-consuming exercise which might not advance the ultimate issues to be decided on summary judgment.  See Jackson v. Racine County, 2005 WL 1767647 (E.D. Wis. 2005).  It is clear that at least portions of the Cormack Affidavit are admissible at summary judgment.  The Court, therefore, denies Titan's requests to strike the affidavit and report under Fed. R. Civ. P. 56(e).  For purposes of summary judgment, the Court will only consider the portions of Cormack's Affidavit that have a direct bearing on the issues and that satisfy applicable summary judgment requirements, including Fed. R. Civ. P. 56(e).  The

Court will not give weight to statements that are obviously conclusory.  If Titan wishes to make specific objections to Cormack's testimony if the matter proceeds to trial and he is called as a witness, the Court will consider Titan's arguments at that time.

Titan further asserts that the Court should strike the Cormack Affidavit because it attempts to present an opinion on the ultimate issue in the case, i.e., whether Titan breached the cooperation clause.  However, under Fed. R. Evid. 704, opinion testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Therefore, to the extent the Cormack Affidavit attempts to present an opinion on the ultimate issue in the case, such opinion is not grounds for striking the report and affidavit.

Titan challenges the relevance of the Cormack Affidavit to the extent that it relies upon "custom and practice" within the insurance industry.  Titan submits that Cormack makes "undefined references to 'custom and practice' within the insurance industry, and Titan is not an insurer."  First Motion to Strike, p. 2.  In its Opposition to Commonwealth's Motion for Summary Judgment, Titan asserts that Cormack "fails to explain the custom and practice, fails to explain how that custom and practice applies

to Titan, and fails to provide any evidence regarding the alleged custom and practice between insurer and insured." <u>Opposition to Commonwealth's Motion for Summary Judgment</u>, p. 4.  Titan's challenges, however, go to the weight of the "custom and practice" evidence, not to its admissibility. Cormack has over twenty years of experience handling insurance claims as an insurance company employee.  Titan had the opportunity to challenge the weight of Cormack's statements by deposing him or by presenting its own expert testimony.  Titan's request to strike the report and affidavit on this basis is denied.

    Titan raises another relevance challenge based on the report's reference to the Uniform Unfair Claim Settlement Practices Act.  Again, this challenge relates to the weight that should be afforded the evidence, and not to its admissibility.  Titan's request to strike Cormack Affidavit on this basis is denied.

    Finally, Titan contends that the report should be stricken because it goes beyond the factual basis presented by Commonwealth as grounds for its motion for summary judgment.  Titan identifies only two portions of the report which it alleges fall outside the factual basis: (1) an implication on page 5 of the report that Commonwealth undertook the defense of the New

action as contrary to the record evidence and (2) Cormack's opinion on page 12 of the report that Titan's New appeal was frivolous as unsupported. Turning to the challenge to an implication on page 5 that Commonwealth undertook the defense of the New action, it is undisputed that Commonwealth did not defend the New case. Cormack's report does not expressly state that Commonwealth in fact did so. The Court will disregard any implication in the report that Commonwealth did defend the New case. Finally, Titan asserts that Cormack's opinion that its New appeal was frivolous is unsupported. Cormack's report, however, specifically identifies facts from the record to support his opinion. Titan does not challenge the sufficiency of these facts, but rather responds that the appeal was not deemed frivolous by the Iowa courts. Again, this information may serve as a basis to challenge the weight of Cormack's opinion, but it does not require the Court to strike the Cormack Affidavit.

THEREFORE, as set forth above, Titan's Motion to Strike Expert Affidavit and Report of William T. Cormack (d/e 50) and Titan's Motion to Strike Expert Affidavit and Report of William T. Cormack (d/e 52) are DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   December 20, 2005

       FOR THE COURT:

                                      s/ Byron G. Cudmore
                              _____
                              BYRON G. CUDMORE
                              UNITED STATE MAGISTRATE JUDGE